1  ROBERT E. CANNY, ESQ. [SBN 060744]
   LAW OFFICES OF ROBERT E. CANNY
2  5042 Wilshire Boulevard, Suite 885
   Los Angeles, California 90036
3  Tel. (213) 401-3996 - Fax (213) 401-3998

FILED
SEP 13 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

4
5  Attorney for ~~███████████~~ DEBTOR
6
7
8              THE UNITED STATES BANKRUPTCY COURT FOR
9              THE CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| In re | ) CHAPTER 11 |
| THE JEAN TANAKA TRUST, JEANNIE | ) CASE NO. 2:11-bk-35577-BR |
| TANAKA TRUSTEE (A Business Trust) | ) |
| | ) PRO FORMA OPPOSITION TO THE |
| Debtor. | ) TRUSTEE'S MOTION TO DISMISS |
| | ) |

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA AND TO THE HONORABLE SUPERIOR

COURT FOR THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA THE HON.

REVA GOETZ, JUDGE PRESIDING IN DEPARTMENT 9, AND TO THE CONSERVATEE

THEREIN JEAN TANAKA, AND TO THE OTHER LITIGANTS AND THEIR DISPUTED

CLAIMS AND TO THEIR ATTORNEYS OF RECORD

The debtor herein adopts its Comprehensive Plan Of Reorganization as its Opposition to the Trustee's Motion To Dismiss. That plan addresses in detail the all of the issues raised in the said pending motion and does not warrant duplication. A true copy is attached hereto for the convenience of the Court and the Trustee.

---
1
NOTICE OF REMOVAL TO USBC

1  **Again,** the undersigned hereby humbly apologizes to this court and to the United States

2  Trustee for the lateness of the filings in this matter. The reasons are as follows:

3  By way of explanation he is a sole practitioner and has no secretary but some part time

4  help. His spouse is partially disabled and requires 2 to 4 hours of his time daily to care for.

5

6  Additionally a close family member was under his continual home care with frequent hospital

7  and doctor visits from the first week of August, 2011 until September 1, 2011, in what turned out

8  to be a death watch. There was substantial grief and mourning in the family. The undersigned

9  also had about 10 days of trial during June, July and early August. This is not offered as an

10  excuse but it is the reason for the delay and the undersigned hereby repeats his apology and

11  respectfully requests that the court follow the time honored principal that

12

13  " 'Judges ... generally prefer to avoid acting as automatons and routinely reject requests
    by counsel to function solely in a ministerial capacity. Rigid rule following is not always
14  consistent with a court's function to see that justice is done. Cognizant of the strong
    policy favoring the disposition of cases on their merits [citations], judges usually consider
15  whether to exercise their discretion in applying local court rules and frequently consider
    documents which have been untimely filed.' "
16

17  *Elkins v. The Superior Court Of Contra Costa County*, (2007) 41 Cal.4th 1337, 63
    Cal. Rptr. 3d 483 quoting itself in *Mann v. Cracchiolo* (1985) 38 Cal.3d 18 [210
18  Cal. Rptr. 762, 694 P.2d 1134]

19

20  RESPECTFULLY SUBMITTED.

21  DATED: September 12, 2011                LAW OFFICES OF ROBERT E. CANNY

22

23                                          By: _____
                                            ROBERT E. CANNY, Attorney for Debtor
24

25

26                              **PROOF OF SERVICE**

27

28  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

2
NOTICE OF REMOVAL TO USBC

I reside in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. The address and telephone number at which I can be reached are: 5042 Wilshire Boulevard, Suite 885; Los Angeles, California 90036; Tel. (213) 401-3996.

On July 22, 2011, I served the foregoing document(s) described as **PRO FORMA OPPOSITION TO THE TRUSTEE'S MOTION TO DISMISS** on the interested parties in this action by personally mailing a true copy thereof to the interested parties.

### MASTER MAILING LIST

Executed on September 12, 2011 at Los Angeles County, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

ROBERT E. CANNY

### MASTER MAILING LIST

**Jeannie Tanaka, Trustee**
**P.O. Box 241256**
**Los Angeles, CA 90024**

**Robert E. Canny, Esq.**
**5042 Wilshire Blvd**
**Suite 885**
**Los Angeles CA 90036**

**Martin S, Reed, Esq.**
**1901 Avenue of the Stars,**
**11th Floor**
**Los Angeles, CA 90067**

**Tracy Hom, Esq.**
**1901 Avenue of the Stars,**
**11th Floor**
**Los Angeles, CA 90067**

**United States Trustee**
**725 S Figueroa St Ste 2600**
**Los Angeles, CA 90017**

**Internal Revenue Service**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

300 N Los Angeles, Street
Los Angeles, CA 90012

**Christine and Wesley Tanaka**
1912 Benetia Ave
Los Angeles, CA 90025

**Mary G. Creutz, Esq.**
11661 San Vncente Blvd.
Suite 206
Los Angeles, CA 90049

**Linda Cotterman**
2126 Patricia Avenue
Los Angeles, CA 90025

**Founders Homecare, Inc**
21822 Sherman Way, Suite 201
Canoga Park, CA 91303

**Marshall Rosenberg**
21822 Sherman Way, Ste 201
Canoga Park, CA 91303

**Carol White**
578 Washington Blvd., #443
Marina del Rey, CA 90292

**Kathryn J. Black , Esq.**
2550 Honolulu Ave Ste 104
Montrose, CA 91020

ROBERT E. CANNY, ESQ. [SBN 060744]
LAW OFFICES OF ROBERT E. CANNY
5042 Wilshire Boulevard, Suite 885
Los Angeles, California 90036
Tel. (213) 401-3996 - Fax (213) 401-3998

Attorney for ▓▓▓▓▓▓▓▓▓▓▓▓▓ DEBTOR

THE UNITED STATES BANKRUPTCY COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>THE JEAN TANAKA TRUST, JEANNIE TANAKA TRUSTEE<br><br>Debtor. | ) CHAPTER 11<br>) CASE NO. 2:11-bk-35577-BR<br>)<br>) COMPREHENSIVE PLAN OF<br>) REORGANIZATION<br>) |

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO THE HONORABLE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA THE HON. REVA GOETZ, JUDGE PRESIDING IN DEPARTMENT 9, AND TO THE CONSERVATEE THEREIN JEAN TANAKA, AND TO THE OTHER LITIGANTS AND THEIR DISPUTED CLAIMS AND TO THEIR ATTORNEYS OF RECORD. PLEASE TAKE NOTICE THAT THE JEAN TANAKA TRUST, (A Business Trust) JEANNIE TANAKA TRUSTEE HEREBY SUBMITS HER COMPREHENSIVE PLAN OF REORGANIZATION.

**As a preliminary matter** the undersigned hereby humbly apologizes to this court and to the United States Trustee for the lateness of the filings in this matter. The reasons are as follows:

By way of explanation he is a sole practitioner and has no secretary but some part time help. His spouse is partially disabled and requires 2 to 4 hours of his time daily to care for. Additionally a close family member was under his continual home care with frequent hospital and doctor visits from the first week of August, 2011 until September 1, 2011, in what turned out to be a death watch. There was substantial grief and mourning in the family. The undersigned also had about 10 days of trial during June, July and early August. This is not offered as an excuse but it is the reason for the delay and the undersigned hereby repeats his apology and respectfully requests that the court follow the time honored principal that

> " 'Judges ... generally prefer to avoid acting as automatons and routinely reject requests by counsel to function solely in a ministerial capacity. Rigid rule following is not always consistent with a court's function to see that justice is done. Cognizant of the strong policy favoring the disposition of cases on their merits [citations], judges usually consider whether to exercise their discretion in applying local court rules and frequently consider documents which have been untimely filed.' "
>
> *Elkins v. The Superior Court Of Contra Costa County*, (2007) 41Cal.4th 1337, 63 Cal. Rptr. 3d 483 quoting itself in *Mann v. Cracchiolo* (1985) 38 Cal.3d 18 [210 Cal. Rptr. 762, 694 P.2d 1134]

## INTRODUCTION

I.    On June 22, 2011 the Trustee Noted to the court in her notice of removal of the State Court Probate Action the facts set forth in detail in paragraphs 1 through 16 below.

II.    Since May, 2011, when she commenced mitigating the damages caused by the Temporary Conservator Linda Cotterman and those associated with her and employed by her, the Trustee has successfully completed the reorganization of the trust estate by virtue of advancing her necessary personal funds as a loan to the estate for cleanup and renovation of the property. She had filed her fictitious business statement in Los Angeles County and obtained her tax I.D. from the IRS. Income commenced in August, 2011 as the residential units in the property were

leased and/or rented. Concurrent with the filing of this Plan she has filed her completed Bankruptcy Schedules and first Report of Cash Receipts and Disbursements for August, 2011.

III.    With the assistance of the property manager appointed in early June, 2011, the workmen and security people she hired, the property has been made safe for habitation, in conformance with applicable Health and Safety and Building and Safety Standards and suitable to meet the habitability requirements of the California Civil Code §§ 1940-1954. Prior to May, 2011, the property did not meet those standards in that it was infested with vermin and contained serious safety hazards among other violations.

**THE COMPREHENSIVE PLAN OF REORGANIZATION IS COMPLETE AND OPERATIONAL AND IS HEREBY SUBMITTED TO THE COURT FOR ITS APPROVAL**

As noted above the property is operated as a duly ;licensed residential rental business with income as of this writing of some $3,000.00 per month.

**JEANNIE TANAKA IS THE TRUSTEE OF THE JEANNIE TANAKA TRUST, THERE WAS NEVER VALID STATE COURT ORDER REMOVING HER AS TRUSTEE**

As noted in Paragraph 10 below: The bankruptcy petition herein was filed on June 14, 2011, towards the end of about 4 months of Superior Court hearings in which perjured evidence was accepted by the court and on that date the Los Angeles County Superior was duly notified of the filing. On the preceding day, June 13, 2011, the Superior Court, without notice and opportunity to be heard joined, or purported to join the trustee as a party to the probate conservatorship proceeding and attempted to order her removal as trustee and ordered a turnover of the Malcolm property to the persons who had been despoiling the property. The court refused to hear evidence of the despoilment or to have any hearing at all on the matter

In doing so the Superior Court clearly acted unconstitutionally and completely contrary to California Statute in failing to provide any notice whatsoever of a hearing to the Trustee.

1     The relevant principles are well established. Although the process due an individual under the Fourteenth Amendment to the United States Constitution varies with the nature of the case, procedural due process requires, at a minimum, notice and an opportunity to be heard before a person may be permanently deprived of a property interest. *(E.g., Cleveland Board of Education v. Loudermill (1985) 470 U.S. 532, 542 [84 L.Ed.2d 494, 503-504, 105 S.Ct. 1487]; Coleman v Department of Personnel Administration (1991) 52 Cal.3d 1102, 1108 [278 Cal.Rptr. 346, 805 P.2d 300].)*

    Under California law the Requisite 30 day Notice of Hearing on a Motion to Remove the Trustee was never given, the court simply decided out of the blue, as it were, to remove the Trustee without any notice whatsoever.

    It is respectfully submitted that while a probate judge may have broad equitable powers a California Superior Court bench officer does *not* have the power to rewrite statutory law, especially as explicit as that set forth in the California Probate Code § 17200. (See *Nott v. Superior Court* (1988) 204 Cal.App.3d 1102, 1106 [251 Cal.Rptr. 842].) Furthermore, whether any policy is sufficiently important for a statutory mandate is a question for the Legislature, not the court. (See *People v. National Association of Realtors* (1981) 120 Cal.App.3d 459, 475 [174 Cal.Rptr. 728].)

> "California Probate Code § 17200 :
> (a) Except as provided in Section 15800, a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust.
>
> (b) Proceedings concerning the internal affairs of a trust include, but are not limited to, proceedings for any of the following purposes:
>
> (10) Appointing or removing a trustee.

4
COMPREHENSIVE PLAN OF REORGANIZATION

> 17203. (a) At least 30 days before the time set for the hearing on the petition, the petitioner shall cause notice of hearing to be mailed to all of the following persons:
> (1) All trustees.

The law required notice to the Trustee and give her a right to a hearing, and an opportunity to be heard.' " ' [Citations.]" (*Kash Enterprises, Inc. v. City of Los Angeles* (1977) 19 Cal.3d 294, 307, fn. 7 [138 Cal.Rptr. 53, 562 P.2d 1302]. It was simply never given.

In effect the court sought in a swift move that was a complete denial of the Trustee's Statutory and constitutional right to notice and an opportunity to be heard. That question is now before this court by virtue of the removal of the Probate Case to this Court on June 22, 2011.

## THE DEBTOR QUALIFIES AS A SINGLE ASSET BUSINESS TRUST

The debtor qualifies as a single asset business trust for the following reasons.

1. A true copy of the Trust is attached hereto as Exhibit "1". Paragraph 6 contains the basic trust provisions that permit the Trustee to convert the single real estate asset into a rooming house and thereby generate for the estate the income necessary to support the daily needs of the primary beneficiary of the trust. Conservatee Jean Tanaka.

> "6.20 The Trustee is expressly authorized, in the Trustee's absolute discretion, to permit any person having an interest in the income of the trust to occupy any real property forming a part of the trust estate on such terms as the Trustee shall deem proper, whether rent free or in consideration of payment of taxes, insurance, maintenance, and ordinary repairs, or otherwise.
> 6.21 The trust estate may include controlling or significant interests in closely held businesses. The Trustee may continue to hold and operate, sell, or liquidate, at the risk of the trust estate, each such business as part of the trust estate.
> 6.22 The Trustee may set up and carry, and may charge to income or principal, reserves for repairs, improvements, upkeep, obsolescence, and depreciation of any real or personal property of the trust estate, as the Trustee, in the Trustee's
> **-10-**
> discretion, shall consider proper, and the portion charged to income shall be treated as an expense and deduction when

5
COMPREHENSIVE PLAN OF REORGANIZATION

computing net income.

6.23 The Trustee may (1) employ real estate agents and brokers to facilitate the sale or leasing of any property of the trust estate; (2) list property for sale or lease on such terms and conditions as the Trustee may determine; (3) grant an exclusive right to sell or lease; and (4) agree to and pay such compensation and commissions to agents, managers and brokers as the Trustee, in the Trustee's discretion, shall determine.

6.24 The Trustee possesses the following additional fiduciary powers:

6.24.1 To retain and continue to operate the business.

6.24.2 To control, direct, and manage the business. In this connection, the Trustee, In its absolute discretion, shall determine the manner and extent of its active participation in supervision and operations, and may delegate such power to persons as it may select, including any associate, partner, officer, or employee of the business.

6.24.3 To hire and discharge officers and employees, fix their compensation, and define their duties; and similarly, to employ, compensate, and discharge agents, attorneys, consultants, accountants, and other representatives as appropriate, including employment of any beneficiary even it also a Trustee.

6.24.4 To invest other trust estate assets business, to pledge other assets of the trust as security for loans made to such and to loan funds from the trust to such in such estate or business, business.

6.24.5 To borrow institution, terms. from any bank or including the Trustee, other lending on competitive

6.24.6 To organize a corporation under the laws of this or any other state or country and to transfer to it all or any part of the business or other property held in the estate or trust, and to receive in exchange stocks, bonds, and other securities.

-11-
..

6.24.7 To pay any additional required fees if any business interest that may be included in an estate or trust requires additional effort and expertise on the part of the Trustee. Such fees may be taken as a director's fee that will be remitted to the Trustee or charged as a management consultation fee by the Trustee.

6.24.8 To take any action corporation into a

6

COMPREHENSIVE PLAN OF REORGANIZATION

proprietorship. required to convert any corporation into apartnership or sole proprietorship.

6.24.9 To treat the business as an entity separate from the estate or trusts. And, in its accountings to a court and to any beneficiaries, the Trustee shall be required to report only the earnings and condition of the business in accordance with standard corporate accounting practice.

6.24.10 To retain in the business earnings for working capital the business as advisable in business practice. such amount of net and other purposes of conformity with sound

6.24.11 To purchase, practice, and sell merchandise every kind and description; and to purchase sell machinery and equipment, furniture fixtures, and supplies of all kinds.

6.24.12 To sell or liquidate all or any part of any business at such time and price and on such terms and conditions (including a sale to any partner, officer, or employee of the business even it an individual Trustee or executor) or to any trust beneficiary.

6.24.13 To exercise any of the rights an powers conferred in this trust in conjunction with another or others.

6.24.15 To diminish, enlarge, or change the scope or nature of any business."

## BACKGROUND

1.  The Conservatee, in the state court action being removed hereby, Jean Tanaka, is the sole beneficiary of the Debtor Trust. The Conservatee is a widow and survives her deceased spouse Togo W. Tanaka, a former member of the Federal Reserve Board of the United States. The Trustee of the Trust, Jeannie Tanaka, is the daughter of the Beneficiary/Conservatee and the sole residual beneficiary of the trust if she survives the Conservatee. She is also a licensed California attorney and is employed as such by the California Department of Corporations. The Trustee and the beneficiary/debtor were interned together during World War II In the Manzanar Internment Camp for Japanese Americans and Japanese in Death Valley, California.

2.      The Trust qualifies as a business trust with a single income producing real property asset. The original assets of the debtor's estate as of July, 2009,. consisted of in excess of $140,000.00 cash, personal property of estimated value in excess of $1,000,000.00 or more and residential real property consisting of a single family residence located at 949 Malcolm Avenue, Los Angeles, CA 90024. The property is appraised at $2.2M to $3.0M+, which was and is encumbered by a reverse mortgage of approximately $900,000.00 and a California State Franchise Tax lien of about $1.4M, which the Franchise Tax Board had tentatively agreed to reduce to less than $150,000.00. The approximate net value of the debtor's estate is reasonably in excess of $1,000,000.00 and can produce income in the net amount of about $3,000.00 per month.

3.      In July, 2009, the Superior Court of Los Angeles County in response to and in cooperation with a malicious Petition filed by relatives Christine Tanaka and Wesley Tanaka, with the assistance of a fraudulent and incompetent psychological evaluation, appointed a Temporary Conservator of the person and estate of the sole beneficiary of the trust, thereby not only declaring her incompetent but also thereby making the trust irrevocable in real and practical terms.

4.      The trust by its terms *prohibits* the appointment of a successor trustee by anyone, *including a court appointed conservator,* other then the beneficiary, Jean Tanaka. The conservatee has been consistently isolated and abused by her said relatives, court appointed attorney and the temporary conservators whose sole primary goal is to line their pockets with the conservatee's assets. As a result the estate has been vandalized, wasted and looted by the Temporary Conservators Carol Black and Linda Cotterman, by relatives Christine Tanaka and Wesley Tanaka and members of their families, supported by their attorneys of record and with the knowledge and consent of the Coservatee's court appointed counsel and of the Honorable Superior Court of Los Angeles County.

5. The Malcolm Avenue property was left vacant since about July, 2010, by virtue of the unauthorized illegal relocation of the conservatee from her home and against her wishes and those of the trustee of her estate. This endangered the estate on a bad housing market because the reverse mortgage could be called due and payable under its terms with the conservatee permanently removed from the property by the Temporary Conservators. The estate was further endangered by the Temporary Conservators hiring incompetent and abusive health providers at double the costs to the estate that was incurred prior to their appointments. Jean Tanaka has suffered great physical harm and deterioration to her health at the hands of her court appointed and/or approved caregivers.

6. The estate was further endangered by the looting of the high value personal property of the Beneficiary/Conservatee by the Temporary Conservators and said relatives of the Conservatee and the dissipation of the monies in the estate and the vandalizing of the real property at Malcolm Avenue, the failure to maintain it resulting in insect infestation, broken cabinets and doors among other things, rendering the property literally uninhabitable for residential tenants under California Landlord-Tenant law until the Trustee retook possession and renovated the property from her own funds.

7. On April 11, 2011, the Jeannie Tanaka as Trustee and as an individual filed an action in the United States District Court for the Central District of California 2:11-cv- 03023, entitled JEANNIE TANAKA, Individually and as Trustee Of The JEAN MIHO TANAKA Trust, Plaintiff; vs. LINDA COTTERMAN, ALCIRA OPORTO, FOUNDERS HOMECARE, INC., MARSHAL ROSENBERG, CAROL WHITE, and Does 1-10, Defendants. The Complaint seeks damages for "DEPRIVATION OF RIGHTS UNDER 42 USC 1983, FOR REPLEVIN, FOR PERSONAL INJURY, FOR FALSE ARREST, FOR FALSE IMPRISONMENT, FOR FINANCIAL ELDER ABUSE, PHYSICAL ELDER ABUSE, and has a DEMAND FOR JURY TRIAL.

This case was filed on April 11, 2011, and is in the law and motion stage. It was recently reassigned to Hon. Manuel L. Real. The superior court was duly notified of this case and on the record took judicial notice of it within days of its filing.

8. In May, 2011, the Trustee, who was excluded from the property during the residence by the Conservatee, and an unsuccessful attempted illegal lockout by the Temporary Conservators, retook possession of the property she had allowed the Temporary Conservators to use as a residence for the Beneficiary/Conservatee until her said unlawful relocation to a non-permitted, (bootleg) basement in the home of relative Christine Tanaka. The Trustee then marshaled the remaining un-stolen assets and undertook, from her own pocket and expended more than $10,000.00, to effect the repairs necessary to make the property safe again, habitable and sufficiently pleasant to rent on a month to month basis for a net income of about $3,000.00 per month. The reason for the month to month rental rather than for a longer term was to provide a haven for the Beneficiary/Conservatee should she ever have the chance to return to her home and what remains of her possessions.

9. The refuge of the Bankruptcy Court was sought to stop the Superior Court approved despoiling and abuse of the debtor and to prevent further damage to the Malcolm Avenue real property and to obtain an income from that property for the estate to provide for the Beneficiary/Conservatee's mounting expenses. It was also filed to stop the Superior Court from proceeding in willful violation of the 11 USC 362 automatic stay and further hearings disposing of the estate assets to the appointees and their counsel who were looting and/ or attempting to loot said estate.

10. The bankruptcy petition herein was filed on June 14, 2011, towards the end of about 4 months of Superior Court hearings in which perjured evidence was accepted by the court and on that date the Los Angeles County Superior was duly notified of the filing. On the preceding day the Superior Court, without notice and opportunity to be heard joined, or purported to join the trustee as a party to the probate conservatorship proceeding and attempted to order her removal as trustee and ordered a turnover of the Malcolm property to the persons who had been despoiling the property. The court refused to hear evidence of the despoilment.

In effect the court sought in a swift move that was a complete denial of the Trustee's constitutional right to notice and an opportunity to be heard to usurp the jurisdiction of the Federal Court in civil case number 2:11-cv- 03023 pending the United States District Court for

the Central District of California. The Superior Court has since elected to ignore the 11 USC 362 automatic stay and continued to conduct hearings in which tens of thousands of dollars in bogus claims by the Temporary Conservator Carol White and her attorney were presented to the Court. The Court appointed attorney for the Conservatee, a personal friend of the presiding judge, already claims entitlement to more than $100,000.00 for legal fees for her imaginary services and the prospective claim of Temporary Conservator Linda Cotterman, who, with approval of the presiding judge has refused to account for the location of missing jewelry and other property taken from the Malcolm residence, and her counsel can well be estimated and a multiple of six figures.

11. The Action is not a proceeding before the United States Tax Court.

12. The Action is not a civil action by a governmental unit to enforce its police or regulatory power.

13. If, the undersigned is incorrect and the proceeding is "noncore": Debtor/Trustee Jeannie Tanaka does consent to entry of a final order in the Action by a bankruptcy judge.

14. This Court has jurisdiction over the Action pursuant to 28 USC § 1334(b).

15. Removal of the Action to this Court is proper pursuant to 28 USC § 1452(a) and FRBP 9027.

16. Venue for the Action is proper in this Court under 28 USC § 1452(a), because this Court is the Bankruptcy Court located in the District where the non bankruptcy court and the Action was formerly pending was located.

RESPECTFULLY SUBMITTED.

DATED: September 12, 2010

LAW OFFICES OF ROBERT E. CANNY

By: _____
ROBERT E. CANNY, Attorney for Debtor

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

I reside in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. The address and telephone number at which I can be reached are: 5042 Wilshire Boulevard, Suite 885; Los Angeles, California 90036; Tel. (213) 401-3996.

On September 12, 2011, I served the foregoing document(s) described as **COMPREHENSIVE PLAN OF REORGANIZATION** on the interested parties in this action by personally mailing a true copy thereof to the interested parties and hand delivering a copry to the office of the United States Trustee.

## MASTER MAILING LIST

Executed on September 12, 2011 at Los Angeles County, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
ROBERT E. CANNY

## MASTER MAILING LIST

Jeannie Tanaka, Trustee
P.O. Box 241256
Los Angeles, CA 90024

Robert E. Canny, Esq.
5042 Wilshire Blvd
Suite 885
Los Angeles CA 90036

Martin S, Reed, Esq.
1901 Avenue of the Stars,
11th Floor
Los Angeles, CA  90067

Tracy Hom, Esq.
1901 Avenue of the Stars,
11th Floor
Los Angeles, CA  90067

12
COMPREHENSIVE PLAN OF REORGANIZATION

United States Trustee
725 S Figueroa St Ste 2600
Los Angeles, CA 90017

Internal Revenue Service
300 N Los Angeles, Street
Los Angeles, CA 90012

Christine and Wesley Tanaka
1912 Benetia Ave
Los Angeles, CA 90025

Mary G. Creutz, Esq.
11661 San Vncente Blvd.
Suite 206
Los Angeles, CA 90049

Linda Cotterman
2126 Patricia Avenue
Los Angeles, CA 90025

Founders Homecare, Inc
21822 Sherman Way, Suite 201
Canoga Park, CA 91303

Marshall Rosenberg
21822 Sherman Way, Ste 201
Canoga Park, CA 91303

Carol White
578 Washington Blvd., #443
Marina del Rey, CA 90292

Kathryn J. Black, Esq.
2550 Honolulu Ave Ste 104
Montrose, CA 91020

---

13

COMPREHENSIVE PLAN OF REORGANIZATION